UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

ALLEN SELEGEAN,

Plaintiff,

- against -

THE CITY OF NEW YORK, et al.

Defendant.

---------------------------------------------------------------------- X

**STIPULATED RULE 502(d) ORDER**

Docket No.

25-CV-06141(JMF)

**Stipulated Order Implementing Federal Rule of Evidence 502(d)**

***No Waiver by Disclosure.***

1. If, in connection with this litigation, a producing party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection, whether inadvertently or otherwise ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Protected Information and its subject matter. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

***Notification Requirements***

2. If a party discovers that it disclosed Protected Information, the producing party must notify the party receiving the Protected Information ("Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure and demand its return or destruction. The producing party must identify the Protected Information subject to this demand by bates number or, if unavailable, sufficient information to identify the Protected Information, and provide the basis for the claim of privilege or protection.

***Best Efforts of Receiving Party***

3. Upon such notification, the Receiving Party must (a) immediately stop dissemination and use of the Protected Information, (b) promptly notify the producing party that it will make best efforts to identify and locate the Protected Information and any disseminated copies, (c) destroy, delete, or return all copies of the Protected Information and any materials derived from it that were prepared by the Receiving Party or its consultants, experts, or agents, and (d) within 5 (five) business days, provide a certification that it has complied with these requirements and inform the producing party whether all copies of the Protected Information and materials derived from it were located, destroyed, deleted, or returned. Thereafter, the producing party must provide a privilege log with respect to the Protected Information.

***Contesting Claims of Privilege or Protection***

4. Within thirty (30) days of receiving the notification described in paragraph 2, the receiving party may move the Court for an Order compelling production of the disclosed Protected Information. The motion must be filed with Court approval under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed motion.

5. The Receiving Party shall not use the adequacy or sufficiency of the producing party's document review process as a basis for disputing a clawback demand made pursuant to paragraph 2.

***Burden of Proving Privilege or Protection, In Camera Review***

6. The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order limits the right of any party to request an in-camera review of the Protected Information.

***Voluntary and Subject Matter Waiver***

7. Nothing in this Order limits the application or modifies the provisions of Federal Rule of Evidence 502(a). Any intentional disclosure or reliance on Protected Information to support a claim or defense is governed by Rule 502(a).

***Rule 502(b)(2)***

8. Rule 502(b) does not apply. The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege or protection.

***Other Clawback and Confidentiality Obligations***

9. This Order does not affect or rescind any Clawback Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

***Severability***

10. The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

***Jurisdiction***

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[Signature page to follow]

**STIPULATED TO:**

**MARTINEZ & LOIACONO PLLC**

245 Bricktown Way, Ste J
Staten Island, New York 10309
Tel: 347-661-0479
jmpoyerd@yahoo.com

*Attorneys for Plaintiff*
By: /s/
Jeannette Poyerd-Loiacono

**STEVEN BANKS,**
Corporation Counsel of the City of New York

100 Church Street, Second Floor
New York, New York 10007
Tel: (212) 356-3549
Fax: (212) 356-2349
andmarti@law.nyc.gov

*Attorneys for Defendant*
By: /s/
Andrea M. Martin
Assistant Corporation Counsel

October 23, 2026
Dated: ~~October 22~~, New York

**SO ORDERED:**

Jesse M. Furman
United States District Judge